UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY JONES,　　　　　　　　　　CASE NO. 17-CV-11185
　　　　　　　　　　　　　　　　　　HON. GEORGE CARAM STEEH
　　　　　Plaintiff,

v.

ROBERT COUVREUR et al.,

　　　　　Defendants.
_____/

**ORDER GRANTING IN FORMA PAUPERIS STATUS**
**AND SUMMARY ORDER OF DISMISSAL**

　　　Now before the court is pro se plaintiff Timothy Jones' motion to proceed *in forma pauperis*. Having shown proof that he is indigent, the court shall grant Jones' petition to proceed without paying the filing fee. Having done so, the court is required to review his Complaint pursuant to the screening procedures set forth at 28 U.S.C. § 1915(e) to determine whether the Complaint should be dismissed because the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). For the reasons set forth below, the Complaint shall be dismissed.

## I. Procedural Background

The Complaint is not a model of clarity, and it is difficult to discern the claims pled against the various defendants. The court does its best to articulate those claims here. At various places in the Complaint, Jones asserts that he is pursuing claims under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, although it is unclear which civil rights claims pertain to which of the named or unnamed defendants.

Jones is an African-American who resides at a house on 14003 Puritan in Detroit, Michigan. The three named defendants are (1) Robert Couvreur, alleged to be the Manager Real Estate Services, Office of Land and Facilities of the Michigan Department of Natural Resources ("DNR"), (2) Bernard Youngblood, Wayne County Registrar of Deeds, and (3) Benny Napoleon, Wayne County Sheriff. The four categories of unnamed defendants are (1) unknown DNR clerks/employees, (2) unknown registrar clerks/employees, (3) unknown Detroit Land Bank Authority officials/employees, and (4) unknown Wayne County deputies. It appears that Jones' claims arise out of the sheriff's sale of his property, although it is unclear when, or if, a sheriff's sale has taken place. He seeks $1,000,000 in damages and injunctive relief to stop the sale of his home.

The court summarizes the allegations against the named defendants below:

**A.     Robert Couvreur**

Jones alleges that Couvreur, acting in his official and individual capacity, filed a fraudulent "Affidavit of Forgery" with defendant Youngblood in the Wayne County Register of Deeds on February 10, 2006 which allegedly deprived him of his property and deed recorded on April 21, 2005 and "conveying title to the grantee, Michael Williams."  (Complaint, ¶ 9). Jones alleges that Couvreur is liable for "blatantly violating and/or conspiring to violate clearly established Federal Civil Rights, Federal Laws . . . and Federal Constitutional Rights."  (Complaint ¶¶ 4, 8).  Jones further alleges that none of the defendants personally served him with a copy of the "Affidavit of Forgery," and that defendants are aware he has openly resided and paid utilities for the home on Puritan since 2005.  (Complaint, ¶¶ 9-10). Arguably, these general allegations pertain to defendant Couvreur.

**B.     Bernard Youngblood**

Jones states that he is suing Youngblood in his official and individual capacity, but does not make any specific allegations that defendant Youngblood was personally involved in the alleged deprivation of Jones'

Constitutional rights. It is possible that Jones' general allegations that "defendants" are liable for failing to personally serve him with a copy of the "Affidavit of Forgery," and that "defendants" are aware he has openly resided and paid utilities for the home on Puritan since 2005, are meant to pertain to him. For purposes of this order, the court shall assume that Jones so intends.

**C.    Benny Napoleon**

Jones alleges that Sheriff Napoleon is liable in his official and individual capacities for gross negligence and deliberate indifference as a result of his alleged failure to hire, train, and or to discipline unknown sheriff deputies regarding the sheriff sale of Jones' property, and for depriving Jones of his right to property and access to courts, in violation of Jones' First and Fourteenth Amendment rights. (Complaint, ¶¶ 7, 11).

## II. Standard for Dismissal

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted, or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law or fact when it is premised on an indisputably

meritless legal theory or when the factual contentions are clearly baseless. *Id.* A cause of action fails to state a claim upon which relief can be granted when it lacks "plausibility in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "'[N]aked assertions' devoid of 'further factual enhancement'" are insufficient to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570).

A plaintiff's pleading for relief must provide "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Even though the complaint need not contain "detailed" factual allegations, its "'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'" *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

### III. Analysis

The court considers Jones' claims against each defendant to determine if the pleadings are sufficient to state a claim upon which relief may be granted, or whether those claims lack an arguable basis in law or

fact. Jones refers to the federal civil rights statutes §§ 1981, 1983, 1985, and 1986 in his Complaint's introduction and conclusion, although he had not referred to those statutes within the body of his Complaint, and it is not clear which defendants he is suing under those statutes. Because the court is required to liberally construe Jones' pro se Complaint, the court shall assume that Jones means to proceed against all three named defendants under all of the civil rights statutes. Doing so, the court determines that Jones has failed to state a claim against any of the named defendants under any of the civil rights statutes.

## A.  42 U.S.C. § 1981

To establish a claim of racial discrimination under Section 1981, the plaintiff must show that (1) he belongs to an identifiable class of persons who are subject to discrimination based upon their race; (2) the defendant(s) intended to discriminate against him based upon his race; and (3) the defendants' discriminatory conduct abridged a right enumerated in Section 1981(a).  *Amini v. Oberlin College,* 440 F.3d 350, 358 (6th Cir. 2006).  In order to state a claim under § 1981, although the "complaint need not present 'detailed factual allegations,' it must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could draw the reasonable inference that Defendants

discriminated against Plaintiff with respect to his race." *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013) (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012)).  Here, Jones establishes the first prong of § 1981 because he is an African American, but Jones has pled no facts suggesting that any of the defendants discriminated against him on the basis of his race.  Accordingly, Jones' § 1981 claim against any and all of the defendants must be dismissed.

**B.    42 U.S.C. § 1983**

In order to state a claim under § 1983, plaintiffs must allege two elements: "(1) the defendant acted under color of state law; and (2) the defendant's conduct deprived the plaintiff of rights secured under federal law." *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citations omitted).   Defendants are state actors; accordingly, this court focuses its analysis on the second element: whether defendants' conduct deprived Jones of his Constitutional and federal rights.  The court considers each defendant individually below.

**1.    Robert Couvreur**

Jones' allegations against Couvreur are vague and incomprehensible.  Those allegations are set forth below:

> That on FEBRUARY 10,2006 (sic), The Defendant(s) ROBERT COUVREUR, the Manager Real Estate Services, Office of Land and Facilities of the Michigan Dept of Natural Resources filed a Fraudulent "Affidavit of Forgery" with the Defendant BERNARD YOUNGBLOOD the Wayne Co. Register (sic) and the Defendant(s) Unknown Detroit Land Bank Authority Officials/Employees on 3/13/06 that was not based upon Defendant(s) ROBERT COUVREUR'S personal knowledge to unlawfully deprive this Pro Se Plaintiff of his right to Property and Deed recorded on 4/21/2005 at Liber 42527 Page 745 Wayne Co Records conveying title to the grantee, Michael Williams, for the following described land located in County of Wayne, State of Michigan: "City of Detroit-Puritan University Subd of North 10 Acres of NE 1/4 of SE 1/4 of Sec 18 T16R11E L 49, P-39 Lots 28-26, Ward 22 Item 12024.

(Complaint, ¶ 8). The Complaint further avers that defendants, presumably Couvreur and Youngblood, although this is unclear, violated his First and Fourteenth Amendment rights by failing to serve him with the "Affidavit of Forgery." (Complaint, ¶ 9). The Complaint further states that defendants were aware that he has openly resided, maintained, and paid utilities on the Puritan property since 2005. (Complaint, ¶ 10).

Jones has sued Couvreur in his official and individual capacity, seeking money damages and prospective injunctive relief. A suit against an individual officer in his official capacity is deemed an action against the entity for which the officer is an agent. *Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009) (citing *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993)). Thus, Jones' claim against Couvreur in his official capacity

as an agent of the Michigan DNR is deemed to be a suit against the state itself. The state and its agencies are shielded from suit by the Eleventh Amendment and cannot be sued under § 1983 for money damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Quern v. Jordan*, 440 U.S. 332, 339-40 (1979). Accordingly, Jones' claim against Couvreur in his official capacity for money damages must be dismissed.

But the Eleventh Amendment does not bar Jones from seeking prospective injunctive relief to end a continuing violation of federal law, when the suit is brought against an individual state officer in his official capacity. *Carten v. Kent State Univ.*, 282 F.3d 391, 396 (6th Cir. 2002). Nevertheless, those claims against Couvreur are also subject to summary dismissal based on the wholly conclusory nature of the allegations in the Complaint which are devoid of sufficient detail to put Couvreur on notice of the charges against him. For the same reason, Jones' claim against Couvreur in his individual capacity must also be dismissed as that claim is insufficiently pled to survive a Rule 12(b)(6) motion to dismiss.

### 2. Bernard Youngblood

Jones has sued Youngblood in his official and individual capacities. The § 1983 claim against Youngblood in his official capacity is really a claim against Wayne County. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th

Cir. 1994) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68 (1989)).  In order to state a claim against a municipality under § 1983, the plaintiff must show that the injury is caused by the execution of a government's policy or custom under the Supreme Court's seminal decision in *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  The Sixth Circuit has instructed that, to satisfy the requirements of *Monell*, a plaintiff "must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401-02 (6th Cir. 2016) (citations omitted).  Here, Jones has not alleged any governmental policy or custom on the part of Wayne County, let alone one which may have resulted in the deprivation of one of his federally protected rights.  Accordingly, Jones' § 1983 suit against Youngblood in his official capacity must be dismissed.

The court turns now to Jones' § 1983 claim against Youngblood in his individual capacity. It is unclear what factual allegations Jones asserts against Youngblood.  Despite liberal pleading requirements for pro se litigants, it is not the role of the court to guess the nature of the claims asserted.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). It appears possible that Jones intends the allegations set forth in paragraph 9 of the Complaint to refer to Youngblood, although that paragraph does not

name Youngblood specifically. Paragraph 9 alleges that defendants failed to personally serve him with a copy of the purported fraudulent "affidavit of forgery" or with "any pleadings, proof of service, and/or any notices listed on the Wayne Co. Circuit Court Docket civilling (sic) or criminally against this Plaintiff" in violation of his due process and equal protection rights under the Fourteenth Amendment and his right to access the courts under the First Amendment. As the Wayne County Registrar of Deeds, Youngblood would have no duty, statutory or otherwise, to personally serve Jones with any Wayne County Circuit Court filings. In addition, Jones has not demonstrated that Youngblood had any duty to personally serve him with a copy of the purported "affidavit of forgery." Accordingly, Youngblood is entitled to dismissal on the § 1983 claim brought in his individual capacity.

### 3. Benny Napoleon

Jones has sued Sheriff Napoleon in his official and unofficial capacity. A suit against the sheriff in his official capacity is construed to be a suit against the governmental entity, namely Wayne County. *Matthews*, 35 F.3d at 1049 (citing *Will*, 491 U.S. at 68). In order to state a claim against a municipality under § 1983, the plaintiff must show that the injury is caused by the execution of a government's policy or custom. *Monell* requires a

"'direct causal link' between the policy and the alleged constitutional violation such that the [municipal policy] is the 'moving force' behind the violation." *Bickerstaff*, 830 F.3d at 402 (citations omitted). A plaintiff fails to state an adequate claim if his allegations are based upon mere conclusions and opinions. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Although Rule 8 allows for notice pleading, the Complaint must nevertheless contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677-78.

In this case, Jones relies on mere boilerplate language to suggest that Wayne County has an unconstitutional policy of failing to hire, train, or discipline its officers to assist with sheriff's sales. The Sixth Circuit has held this type of speculative allegation is insufficient to state a claim. *Bickerstaff*, 830 F.3d at 402. In *Bickerstaff*, the Sixth Circuit found that plaintiff's general allegations that the City had a policy of inadequate training and supervision of its police officers were deficient because Bickerstaff introduced no facts showing the existence of a formal policy or any prior incidents to support the theory that an informal practice or custom existed. *Id.* Like *Bickerstaff*, Jones has alleged no facts suggesting the existence of a formal or informal policy here. Accordingly, Jones' claims

against Sheriff Napoleon in his official capacity, which this court construes as a claim against Wayne County, must be dismissed.

The court turns now to Jones' claim against Sheriff Napoleon in his individual capacity. Jones does not allege that Sheriff Napoleon directly participated in any aspect of the sheriff's sale. "Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior. . . Section 1983 liability, however, cannot be premised solely on a theory of respondeat superior, or the right to control employees." *Heyerman v. Cty. Of Calhoun*, 680 F.3d 642, 647–48 (6th Cir. 2012) (citations omitted). In order to hold a supervisory official liable in his individual capacity, he must have "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (internal quotation marks and citations omitted). Here, it is unclear what allegedly unconstitutional conduct plaintiff attributes to the unnamed sheriff deputies. Jones alleges only that they allowed the sheriff's sale to go forward in violation of his First and Fourteenth Amendment rights. Having failed to plead sufficient facts to suggest that the unnamed deputies violated his constitutional rights, Sheriff

Napoleon cannot be liable in a supervisory capacity for their alleged misconduct either.  Accordingly, Napoleon is entitled to dismissal on the § 1983 claim.

### C.   42 U.S.C. 1985(3)

Section 1985(3) imposes civil liability upon the participants in a conspiracy intended to deprive, "either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3).  To state a claim under § 1985(3), plaintiffs must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."  *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (internal quotation marks and citation omitted).  In order to state a claim under § 1985(3), plaintiffs must make specific factual allegations showing the existence of the conspiracy as well as allegations that the defendants acted with the specific intent to deprive a plaintiff equal protection or equal privileges and immunities; conclusory allegations

unsupported by material facts are insufficient to state a claim.  *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 368 (6th Cir. 2012).

In order to be liable under § 1985(3), plaintiffs must demonstrate that "the conspiracy was motivated by racial, or other class-based, invidious discriminatory animus."  *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)).  Conspiracy claims must be pled with some degree of specificity.  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  Vague and conclusory allegations unsupported by material facts are insufficient to state a conspiracy claim.  *Id.*  In order to support a conspiracy claim, plaintiff must allege a sufficient factual basis to establish a "meeting of the minds" on the part of the alleged conspirators.  *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008).  Here, although Jones has demonstrated that he is a member of a protected class, he has not alleged facts showing any discriminatory animus against him on the part of the alleged conspirators nor has he alleged any facts from which to infer any meeting of the minds on their part.  Accordingly, Jones' § 1985(3) claim against any of the named defendants fails to state a plausible claim and must be dismissed.

**D.    42 U.S.C. § 1986**

Because Jones' § 1985 claim must be dismissed, his § 1986 claim must be as well as § 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by § 1985, yet fail to prevent them. Without a violation of § 1985, there can be no violation of § 1986.

### IV. Conclusion

Jones' request for permission to proceed in forma pauperis is GRANTED. For the reasons set forth above, this action is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Dated:  April 28, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 28, 2017, by electronic and/or ordinary mail and also on Timothy Jones, 14003 Puritan, Detroit, MI 48227.

s/Barbara Radke
Deputy Clerk

---